IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FELEKI MARTINEZ,<br><br>           Plaintiff,<br><br>      v.<br><br>JONES, et al.,<br><br>           Defendants. | No.  2:23-CV-0085-DC-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendants' motion to dismiss Plaintiff's first amended complaint.  See ECF No. 40.  Plaintiff has filed an opposition.  See ECF No. 41.  Defendants have filed a reply.  See ECF No. 42.

   In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

1   In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.
2   See Haines v. Kerner, 404 U.S. 519, 520 (1972).
3   Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement
4   of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair
5   notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,
6   550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order
7   to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain
8   more than "a formulaic recitation of the elements of a cause of action;" it must contain factual
9   allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The
10  complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at
11  570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
12  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
13  Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but
14  it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting
15  Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a
16  defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement
17  to relief." Id. (quoting Twombly, 550 U.S. at 557).
18  In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials
19  outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);
20  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)
21  documents whose contents are alleged in or attached to the complaint and whose authenticity no
22  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,
23  and upon which the complaint necessarily relies, but which are not attached to the complaint, see
24  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials
25  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.
26  1994).
27  / / /
28  / / /

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

Plaintiff initiated this action with a pro se complaint filed on January 17, 2023. See ECF No. 1. In finding the complaint appropriate for service, the Court summarized Plaintiff's allegations as follows:

> Plaintiff names the following as defendants: (1) California State Prison CMF [California Medical Facility]; (2) Jones, Correctional Officer; (3) Sac, Officer; and (4) Crosby, Sergeant. See ECF No. 1, pg. 1. Plaintiff states that "[t]here were at least 3 to four other officers and one other male Caucasian [sergeant] with whom I do not know the names." Id. at 2. All named Defendants were employed at California Medical Facility, Vacaville, where the alleged violations occurred. Id. at 3. Plaintiff does not indicate whether the Defendants are being sued in their individual or official capacity. See generally id. Plaintiff alleges violations of the Eighth and Fourteenth Amendments, as well as a violation of the ADA. See id. at 4-9.
>
> Plaintiff alleges that Officers Sac and Jones denied him ice that was "ordered by medical." Id. at 7. When he asked the officers why he couldn't have his ice, Officers Sac and Jones responded that Sergeant Crosby told them not to give Plaintiff ice. Id. Plaintiff then states that he asked Officers Jones and Sac to call Sergeant Crosby to come explain why he couldn't have the ice he was issued. Id. Plaintiff alleges that Officer Jones said, "I'm not getting the sergeant and I'm done talking." Id. After this, Officer Jones opened Plaintiff's cell door, with his pepper spray drawn and told Plaintiff "Cuff up or I'm gonna spray you." Id. Plaintiff states that he ran to the back of his cell and refused to "cuff up." Id. In response, Officer Jones "put [Plaintiff] in a headlock from behind and began choking [him] from behind, threw me to the ground, and it seemed as if he was trying to break my left arm." Id. Plaintiff alleges that while this happened, Officer Sac was "just watching." Id. Plaintiff then heard the unit alarm go off, and "in ran 8 to 10 other officers." Id. Plaintiff contends that the officers were "all over [him], kicking [him] and yelling at [him], helping Jones try to break [his] arm." Id.
>
> Plaintiff states that he "requested to speak to someone from mental health due to the overwhelming feelings and emotions [he] was feeling" but "no one was called." Id. at 8. It is unclear from Plaintiff's filings whether this was during or after the incident. Plaintiff argues that (1) "Officer Sac and Jones had the obligation to call someone from mental health following the 'cool down period'"; (2) Officer Sac "had the duty to prevent Officer Jones from violating [his] right to be free from cruel and unusual punishment"; and (3) "[a]ll other officers also had the duty to help keep the peace." Id.

ECF No. 15, pgs. 1-2.

1       The Court directed service of Plaintiff's complaint as to his Eighth Amendment
2   excessive force and medical deliberate indifference claims. See id.  Separately, the Court also
3   recommended dismissal of Defendant CMF as immune under the Eleventh Amendment.  See
4   ECF No. 18.  The findings and recommendations were adopted by the District Judge and
5   Defendant CMF has been dismissed.  See ECF No. 26.
6       Summons was returned unexecuted as to Defendants Jones, Sac, and Crosby on
7   September 5, 2023, because, without a date of incident provided, prison officials were unable to
8   locate the relevant officers named.  See ECF No. 20.  The Court directed Plaintiff to file a first
9   amended complaint which included the date of incident.  See ECF No. 27.  Plaintiff filed his first
10  amended complaint on February 12, 2024.  See ECF No. 28.  The allegations are substantively
11  the same as set forth in the original complaint, except that Plaintiff now alleges that the events
12  took place at the California Medical Facility on May 27, 2022.  See id.
13      On May 15, 2024, the Court ordered service of the first amended complaint, see
14  ECF No. 30, and Defendants filed the currently pending motion to dismiss on August 15, 2024,
15  see ECF No. 40.  Plaintiff filed a pro se opposition on August 26, 2024.  See ECF No. 41.
16  Defendants filed a reply on September 30, 2024.  See ECF No. 42.

## II. DISCUSSION

19      Consistent with the Court's prior orders, Plaintiff's first amended complaint
20  proceeds the following claims: (1) Plaintiff's medical deliberate indifference claims against all
21  Defendants; and (2) Plaintiff's excessive force claims against Defendants Jones and Sac.
22      In their motion to dismiss, Defendants argue that Plaintiff's medical deliberate
23  indifference claim against all Defendants is insufficient because Plaintiff fails to plead facts
24  showing how the denial of ice for an unknown medical issue resulted in Eighth Amendment
25  violations.  See ECF No. 40.  Defendants do not challenge Plaintiff's excessive force claims
26  against Defendants Jones and Sac.  For the reasons discussed below, the Court agrees with
27  Defendants that, as currently pleaded, the first amended complaint is deficient as to Plaintiff's
28  medical deliberate indifference claims.

4

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . .embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

///

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).

Defendants argue:

> Plaintiff's allegation that Defendants refused to provide him with ice is the only basis for Plaintiff's deliberate indifference claim. (*See generally* ECF No. 28.) This is insufficient to maintain a cause of action for deliberate indifference. Plaintiff has failed to provide any information regarding what injury required ice, if he was harmed by the failure to obtain ice, or if his request was related to an injury about which Defendants were aware. As established above, these elements are essential to maintaining a claim of deliberate indifference. Therefore, Plaintiff has failed to plead sufficient facts to support a deliberate indifference claim against Defendants.

ECF No. 40, pg. 6.

Defendants' argument is persuasive. As to Plaintiff's medical deliberate indifference claim, the current allegations indicate that the request for ice is not itself the basis of any constitutional claim. Defendants correctly observe that Plaintiff has not alleged any facts as to how his request for ice related to a serious medical condition about which Defendants were aware. Nor has Plaintiff alleged any facts to show that the denial of ice resulted in exacerbation of a serious medical condition or itself resulted in a serious medical condition.

Indeed, as currently pleaded in the first amended complaint, it appears that Plaintiff's allegations relating to his request for ice are prefatory to his primary allegations of excessive force used by Defendants Jones and Sac. For example, at the conclusion of the first amended complaint, Plaintiff contends that Officers Jones and Sac had an obligation to call someone from Mental health, presumably following the conflict over Plaintiff's request for ice. See ECF No. 28. Plaintiff also argues that Officer Sac, who is alleged to have stood by while Officer Jones was using excessive force, has a duty to prevent Officer Jones from violating Plaintiff's constitutional rights. See id. While Plaintiff included factual allegations related to his

1  request for ice, upon closer examination of the first amended complaint in the context of
2  Defendants' pending motion, the Court finds that the first amended complaint fails to allege facts
3  sufficient to support a separate medical deliberate indifference claim.
4        In his opposition brief, Plaintiff alleges new facts not previously presented in the
5  operative first amended complaint. These facts relate to his medical need for ice, Defendant
6  Crosby's knowledge of such need, and Defendant Crosby's denial of ice. See ECF No. 41.
7  Because these allegations, which if included in an amended pleading, could support a cognizable
8  medical deliberate indifference claim against Defendant Crosby, the Court will recommend that
9  Plaintiff be provided leave to amend as to his claims against Defendant Crosby only. The Court
10 will otherwise recommend that Plaintiff's medical deliberate indifference claims against
11 Defendants Jones and Sac be dismissed with prejudice for failure to state a claim.
12       If Plaintiff is permitted leave to file a second amended complaint upon adoption of
13 the undersigned's recommendation by the District Judge, and Plaintiff subsequently chooses not
14 to do so, the action will proceed on the first amended complaint as to Plaintiff's excessive force
15 claims against Jones and Sac only. If Plaintiff elects to file a second amended complaint to
16 include new allegations as against Defendant Crosby related to Plaintiff's medical deliberate
17 indifference claim, in order to continue with the excessive force claims, Plaintiff must re-allege
18 the facts supporting those claims in the amended pleading. Failure to do so will result in such
19 claims being abandoned because an amended pleading supersedes the prior pleading. See Ferdik
20 v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). The Court cannot refer to prior pleadings and
21 any amended pleading must be complete in and of itself. See Local Rule 220.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

7

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1. Defendants' motion to dismiss, ECF No. 40, be GRANTED.

2. Plaintiff's medical deliberate indifference claims against Defendants Jones and Sac be DISMISSED for failure to state a claim.

3. Plaintiff's medical indifference claim against Defendant Crosby be DISMISSED with leave to amend.

4. Plaintiff be provided an opportunity to either file a second amended complaint or proceed on the first amended complaint on his excessive force claims against Defendants Jones and Sac only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 4, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE