IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FELEKI MARTINEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JONES, et al.,<br><br>　　　　　Defendants. | No. 2:23-CV-0085-DC-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' motion to dismiss. See ECF No. 52. Plaintiff seemingly filed an opposition in the form of an addendum to his second amended complaint. See ECF No. 54. Defendants filed a reply on May 28, 2025. See ECF No. 55.

   In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

1

1  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.
2  See Haines v. Kerner, 404 U.S. 519, 520 (1972).
3  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement
4  of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair
5  notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,
6  550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order
7  to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain
8  more than "a formulaic recitation of the elements of a cause of action;" it must contain factual
9  allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The
10 complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at
11 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
12 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
13 Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but
14 it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting
15 Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a
16 defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement
17 to relief." Id. (quoting Twombly, 550 U.S. at 557).
18  In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials
19 outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);
20 Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)
21 documents whose contents are alleged in or attached to the complaint and whose authenticity no
22 party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,
23 and upon which the complaint necessarily relies, but which are not attached to the complaint, see
24 Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials
25 of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.
26 1994).
27 / / /
28 / / /

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

### A. Procedural History

On July 25, 2023, the Court issued an order determining that Plaintiff's original complaint was appropriate for service on Defendants Jones, Sac, and Crosby. See ECF No. 15. By separate findings and recommendations, the Court recommended dismissal of the California Medical Facility pursuant to the Eleventh Amendment. See ECF No. 18. The findings and recommendations were adopted in full by the District Judge on January 30, 2024. See ECF No. 26.

While the findings and recommendations were pending, service of process was returned unexecuted as to Defendants Jones, Sac, and Crosby because Plaintiff did not provide a date of incident and, absent such information, the appropriate responding parties could not be located. See ECF No. 20. On February 1, 2024, the Court directed Plaintiff to file a first amended complaint which provides the date of the alleged incident. See ECF No. 27. Plaintiff complied and filed his first amended complaint on February 12, 2024. See ECF No. 28. On May 15, 2024, the Court directed service of the first amended complaint. See ECF No. 30.

Defendants responded to the first amended complaint by way of a motion to dismiss filed on August 15, 2024. See ECF No. 40. The Court addressed the motion to dismiss by way of findings and recommendations issued on March 5, 2025. See ECF No. 50. There, the Court outlined the pending claims and argument as follows:

> Consistent with the Court's prior orders, Plaintiff's first amended complaint proceeds [on] the following claims: (1) Plaintiff's medical deliberate indifference claims against all Defendants; and (2) Plaintiff's excessive force claims against Defendants Jones and Sac.
> In their motion to dismiss, Defendants argue that Plaintiff's medical deliberate indifference claim against all Defendants is insufficient because Plaintiff fails to plead facts showing how the denial of ice for an unknown medical issue resulted in Eighth Amendment violations. See ECF No. 40. Defendants do not challenge Plaintiff's excessive force

3

>claims against Defendants Jones and Sac. For the reasons discussed below, the Court agrees with Defendants that, as currently pleaded, the first amended complaint is deficient as to Plaintiff's medical deliberate indifference claims.
>
>ECF No. 50, pgs. 4-5.

The Court recommended that Defendants' motion to dismiss be granted, that Plaintiff's medical deliberate indifference claim against Defendants Jones and Sac be dismissed without leave to amend, that Plaintiff's medical deliberate indifference claim against Defendant Crosby be dismissed with leave to amend, and that Plaintiff be provided an opportunity to file a second amended complaint. See id.

While the findings and recommendations were pending before the District Judge, Plaintiff filed a second amended complaint, see ECF No. 51, and Defendants filed the currently pending motion to dismiss the second amended complaint, see ECF No. 52. The March 5, 2025, findings and recommendations were adopted in full by the District Judge on April 23, 2025, with the Court indicating that the second amended complaint is now the operative complaint in this case. See ECF No. 43. The matter was referred back to the undersigned to address Defendants' motion to dismiss the second amended complaint. See id.

### B. Plaintiff's Allegations

Plaintiff continues to name the following as defendants: (1) Crosby, Sergeant; (2) Jones, Correctional Officer; and (3) Sac, Officer. See ECF 51, pg. 1. All named Defendants were employed at the California Medical Facility, Vacaville, where the alleged violations occurred. See id.

Plaintiff alleges that in the evening on or around May 22, 2022, Officers Jones and Sac denied him "medically prescribed ice." Id. at 2. Officers Sac and Jones responded that Sergeant Crosby told them not to give Plaintiff ice. See id. Plaintiff alleges that Defendant Crosby was aware of his medical need for ice, and he does not know why Defendants Sac and Jones would not give him ice. See id. It is unclear how Plaintiff knows that Defendant Crosby was aware of this need. Plaintiff further alleges that Defendant Crosby's position of power caused the "use of force" brought against him by Defendants Jones and Sac and other unnamed officers. Id.

///

4

In the Court's previous findings and recommendation considering Defendants' initial motion to dismiss, the Court summarized Plaintiff's allegations, which remain consistent with allegations made in Plaintiff's second amended complaint, as follows:

> Plaintiff then states that he asked Officers Jones and Sac to call Sergeant Crosby to come explain why he couldn't have the ice he was issued. [See ECF No. 1, pg. 7.] Plaintiff alleges that Officer Jones said, "I'm not getting the sergeant and I'm done talking." Id. After this, Officer Jones opened Plaintiff's cell door, with his pepper spray drawn and told Plaintiff "Cuff up or I'm gonna spray you." Id. Plaintiff states that he ran to the back of his cell and refused to "cuff up." Id. In response, Officer Jones "put [Plaintiff] in a headlock from behind and began choking [him] from behind, threw me to the ground, and it seemed as if he was trying to break my left arm." Id. Plaintiff alleges that while this happened, Officer Sac was "just watching." Id. at 3. Plaintiff then heard the unit alarm go off, and "in ran 8 to 10 other officers." Id. Plaintiff contends that the officers were "all over [him], kicking [him] and yelling at [him], helping Jones try to break [his] arm." Id.

ECF No. 50 pgs. 3.

Plaintiff states that before Defendants Jones and Sac went into his cell, he had asked to speak to someone from "Mental Health" but that Defendants Jones and Sac "refused to get anyone." ECF No. 51, pg. 3. Plaintiff then alleges that, after the altercation in his cell, he was "cuffed taken to the day room for medical observation," and "moved to cell #107." Id. Plaintiff was given ice "the next day and days after." Id. Ultimately, Plaintiff alleges that he was injured as a result of Defendant Jones' and Sac's failure "to follow protocol with a 'cooling down period' as well as Jones' sadistic nature." Id. Plaintiff states that "at no point was [he] combative or…try to assault anyone." Id. Plaintiff states his belief that if protocol was followed, this incident would not have ended with excessive force that was used." Id.

## II. DISCUSSION

In their motion to dismiss, raise two arguments. First, Defendants argue that Plaintiff continues to fail to allege facts against Defendant Crosby that would support a medical deliberate indifference claim. See ECF No. 52. Second, Defendants argue that Plaintiff cannot revive his medical deliberate indifference claims against Defendants Jones and Sac because those claims have already been dismissed without leave to amend. See id. As with the prior motion to

5

dismiss, Defendants do <u>not</u> challenge Plaintiff's excessive force claims against Defendants Jones and Sac. <u>See</u> <u>id.</u>   For the reasons discussed below, the Court agrees and will recommend that Plaintiff's medical deliberate indifference claim Defendant Crosby be dismissed.

At the outset, the Court notes that, while Plaintiff continues to assert medical deliberate indifference claims against Defendants Jones and Sac, those claims have previously been dismissed without leave to amend.  Plaintiff cannot proceed on dismissed claims.  The only issues remaining is whether the second amended complaint adequately pleads a medical deliberate indifference claim against Defendant Crosby.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  <u>See</u> <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993); <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . .embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  <u>See</u> <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  <u>See</u> <u>Farmer</u>, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  <u>See</u> <u>id.</u>

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  <u>See</u> <u>Estelle</u>, 429 U.S. at 105; <u>see also</u> <u>Farmer</u>, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  <u>See</u> <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1253 (9th Cir. 1982), <u>abrogated on other grounds by</u> <u>Sandin v. Conner</u>, 515 U.S. 472 (1995).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and

wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Defendants argue that the allegations made against Defendant Crosby in Plaintiff's second amended complaint are insufficient to state a claim for medical deliberate indifference. See ECF No. 52, pgs. 4-6. In response, Plaintiff moves for the court to make a "clear distinction" between medical deliberate indifference and mental health deliberate indifference. ECF No. 54, pg. 2. Defendants' reply reiterates the insufficiency of the claim and argues that "there is no such thing as 'mental health' prong under the Eighth Amendment." ECF No. 55, pg. 2. The Court agrees with Defendants on both points.

The Court previously recommended that Plaintiff be provided leave to amend his claims to include facts relating to "his medical need for ice, Defendant Crosby's knowledge of such need, and Defendant Crosby's denial of ice." ECF No. 50, pg. 7. Plaintiff's second amended complaint states that "officer Sac and Jones refus[ed] to give me my medically prescribed ice"

and that "the officers told me that Sgt Crosby told them not to give it to me." ECF No. 51, pg. 2. Plaintiff also states that "Sgt Crosby was well aware of my medical ice chrono." Id.

Defendants argue these additional allegations are still insufficient. See ECF No. 52, pgs. 4-6. According to Defendants:

> Even giving Plaintiff's complaint the most liberal reading, Plaintiff's single sentence allegation fails to satisfy the elements of a medical deliberate indifference claim. Plaintiff has failed to identify what medical issue required ice. Plaintiff's SAC[] now includes allegations that Defendant Crosby "was well aware" of Plaintiff's medical ice chrono. . . . Plaintiff, however, offers no factual basis for that conclusion. And Plaintiff has still failed to provide any statement regarding the nature of his injury that required ice, or any harm that resulted from the one time he was not provided ice. (Plaintiff confirms that he was provided ice the following two days). . . .

ECF No. 52, pgs. 5-6.

In his addendum to second amended complaint, Plaintiff alleges new facts not previously presented in the operative second amended complaint. See ECF No. 54. Specfcially, Plaintiff now states that Defendant Crosby "deliberately and willfully" denied him ice and ordered Defendants Jones and Sac "not to provide" him with "medically ordered ice." ECF No. 54, pg. 1. Plaintiff further states that ice was "approved from medical to soothe the pain [he] was experiencing." Id. Plaintiff alleges that Defendant Crosby's actions "were meant to cause [him] to suffer through pain" and that the denial of ice left him "not only in a physically painful state" but also heightened his "mental ability to process." Id. These allegations, which if included in an amended pleading, could support a cognizable medical deliberate indifference claim Defendant Crosby. Thus, the Court will recommend that Plaintiff be provided one further opportunity to amend, limited only to his claim against Defendant Crosby to include facts relating to Plaintiff's specific medical condition, why Plaintiff needed medical care in the form of ice, and how delay to treat his condition resulted in further significant injury or the unnecessary and wanton infliction of pain.

If Plaintiff is permitted leave to file a third amended complaint upon adoption of the undersigned's recommendation by the District Judge, and Plaintiff subsequently chooses not to do so, the action will proceed on the second amended complaint as to Plaintiff's excessive force claims against Defendants Jones and Sac only. If Plaintiff elects to file a third amended complaint to include

new allegations as against Defendant Crosby related to Plaintiff's medical deliberate indifference claim, in order to continue with the excessive force claims, Plaintiff must re-allege the facts supporting those claims in the amended pleading. Failure to do so will result in such claims being abandoned because an amended pleading supersedes the prior pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1. Defendants' motion to dismiss, ECF No. 52, be GRANTED in part as to Defendant Crosby only. Plaintiff's medical indifference claim against Defendant Crosby be DISMISSED with leave to amend.

2. Plaintiff be provided an opportunity to either file a third amended complaint or proceed on the second amended complaint on his excessive force claims against Defendants Jones and Sac only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 26, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE